**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4058**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN PATRICK LYONS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-04-26)

---

Submitted:  September 28, 2005            Decided:  October 26, 2005

---

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Vaughan S. Winborne, Jr., Raleigh, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin Patrick Lyons appeals the district court's judgment entered pursuant to his guilty plea to conspiracy to possess with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2005). Lyons's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), arguing issues that Lyons raised in his pro se notice of appeal: (1) the court erred in finding Lyons subject to sentence enhancement under 21 U.S.C. § 851 (2000); (2) the court erred in sentencing Lyons inconsistently with stipulations in the plea agreement; and (3) counsel was ineffective in failing to challenge the § 851 enhancement. In a supplemental brief, counsel for Lyons asserts that, despite our recent decision in United States v. Blick, 408 F.3d 162, 170 (4th Cir. 2005), Lyons should not be held to the waiver of appellate rights in his plea agreement. Lyons, informed of his right to file a pro se brief, has not done so. The Government, in a response to Lyons's supplemental brief, asserts that the waiver of appellate rights should be enforced.

A defendant may waive his right to appeal as part of a plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). However, the waiver must be knowing and voluntary. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000). This court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

In this case, Lyons agreed in his plea agreement to waive his right to appeal on all grounds except ineffective counsel, prosecutorial misconduct, and "the sentence, but only to the extent defendant contests the sentence that one or more findings on guidelines issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement. . . ." The magistrate judge conducted a thorough Fed. R. Crim. P. 11 colloquy. Lyons stated that he had discussed with his attorney his right to appeal and agreed to waive that right with the noted exceptions. Lyons was forty years old at the time, with a ninth grade education and a G.E.D.

We conclude that Lyons's waiver was knowing and voluntary. We further hold that, in accordance with our decisions in United States v. Johnson, 410 F.3d 137, 152-53 (4th Cir. 2005), petition for cert. filed , __ U.S.L.W. __ (U.S. Sept. 7, 2005) (No. 05-6215), and in Blick, 408 F.3d at 170-71, that Lyons's waiver of his right to appeal that was accepted prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), is not invalidated by the change in law effected by that decision.

Given a valid appeal waiver, the second issue under Blick is whether the claims raised by the defendant are within the scope of the waiver. Blick, 408 F.3d at 168. Lyons's claim that the district court erred in enhancing his sentence under § 851 is clearly within the scope of the waiver. Lyons also asserts that

the calculation of his sentencing range under the guidelines violated stipulations in the plea agreement. However, the plea agreement contained no stipulations constraining the guidelines computation except a provision that the Government would recommend the amount of methamphetamine known or reasonably foreseeable to Lyons as 500 grams to 1.5 kilograms. That drug quantity was used in calculating Lyons's sentence. Therefore, we find the sentencing claims to be within the scope of the waiver and dismiss the appeal as to these claims.

Lyons also asserted that counsel was constitutionally ineffective because he led Lyons to believe that the § 851 enhancement would not be pursued. Claims of ineffective assistance are not within the scope of the waiver. However, "[i]neffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). Our review of the record discloses no such conclusive evidence that Lyons received ineffective assistance of counsel. Accordingly, we affirm as to this claim.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss in part and affirm in part. This court requires that counsel inform Lyons, in writing, of his right to petition the Supreme Court of the United States for further

- 4 -

review.  If Lyons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lyons.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>